# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**DE MARIO B. GRIFFIN**
Reg. #19675-045                                                                                  **PLAINTIFF**

V.                          NO. 2:23-cv-00198-LPR-ERE

**CHAD GARRETT,**
**Complex Warden, Forrest City FCC**                                          **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Rudofsky can adopt this RD without independently reviewing the record.

### I.     BACKGROUND

On September 18, 2023, Petitioner De Mario B. Griffin, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Doc. 1*. He asserts that Respondent refuses to apply "First Step Act earned time credits for productive activities" completed before December 21, 2018. *Id. at 6*.

For the reasons below, Mr. Griffin's § 2241 petition should be dismissed.

## II.   DISCUSSION

District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243).

The First Step Act ("FSA") allows prisoners to earn time credits that may apply toward early placement in pre-release custody or transfer to supervised release. 18 U.S.C. § 3632(d)(4). Prisoners earn time credits by successfully completing "evidence-based recidivism reduction programming" ("EBRRP") or "productive activities" ("PAs"). 18 U.S.C. § 3632(d)(4)(A).

Mr. Griffin argues that the "statutory construction" of 18 U.S.C. § 3632(d)(4)(B) does not prevent the BOP from giving him good time credits for "productive activities" completed before December 21, 2018. *Doc. 1 at 6.*

To the contrary, the FSA specifically provides that "[a] prisoner may not earn time credits . . . for an [EBRRP] completed" before the FSA's enactment date, which was December 21, 2018. 18 U.S.C. § 3632(d)(4)(B). The BOP has interpreted this provision to exclude earned time credits for both EBRRPs and PAs completed before December 21, 2018. Notably, a BOP regulation, effective January 19, 2022, states that an eligible inmate may earn FSA time credits for "programming and activities

in which he participated in from December 21, 2018 until January 14, 2020." 28 C.F.R. § 532.42(b)(1).[1]

Although the Court found no cases addressing Mr. Griffin's specific argument, virtually every federal court considering § 3632(d)(4)(B) held that the statutory language includes PAs, indicating a consensus that the December 21, 2018, time limit applies to both EBRRPs and PAs.[2] Mr. Griffin presents no reasonable argument that Congress intended to exclude PAs from the provision.

When a statute is silent or ambiguous with respect to a certain issue, the implementing "agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed most reasonable by the courts.'" *Ameren Corp. v. FCC*, 865 F.3d 1009, 1012

---

[1] Beginning January 15, 2020, an eligible inmate may earn FSA time credits only for "successfully participating in EBRR programs or [PA's] that the [BOP] has recommended based on the inmate's individualized risk and needs assessment on or after January 15, 2020." 28 C.F.R. § 532.42(b)(2).

[2] *Poff v. Carr*, No. 22-10623, 2023 WL 2240463, at *1 (5th Cir. Feb. 27, 2023) ("[A] prisoner may not earn credits for EBRR programs completed before December 21, 2018 . . . ."); *Windle v. Knight*, No. CV 23-1524 (CPO), 2023 WL 5346576, at *3 (D.N.J. Aug. 21, 2023) ("Applying those statutes here, Petitioner could not have earned any ETCs prior to the First Step Act's effective date of December 21, 2018 . . . ."); *Schlegal v. Segal*, No. 22-CV-3021 (PAM/LIB), 2023 WL 4034594, at *2 (D. Minn. May 23, 2023) (holding that "a prisoner cannot earn FTCs for programming or activities in which she participated prior to December 21, 2018."); *Salter v. Fikes*, No. 20-CV-2253 (ECT/ECW), 2021 WL 2365041, at *5 (D. Minn. May 5, 2021) (holding that "the FSA precludes is prisoners earning time credit for programs completed before December 21, 2018 (the date that subchapter D was enacted)"); *Hare v. Ortiz*, No. CR 18-588-1(RMB), 2021 WL 391280, at *7 (D. N.J. Feb. 4, 2021)("[I]f Petitioner successfully completed an EBRR program or PA pursuant to the FSA on or after December 21, 2018, he is entitled to earn Time Credits.").

(8th Cir. 2017) (quoting *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009). The BOP's regulation to exclude FSA time credits for "programs and activities" completed before December 21, 2018, is clearly a reasonable construction of 18 U.S.C. § 3632(d)(4)(B) and well within the BOP's discretion. Accordingly, the BOP's denial of Mr. Griffin's request for additional time credits is proper.

### III.  CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Griffin's case be DISMISSED, without prejudice, because it plainly appears he is not entitled to the requested relief.

2. The Clerk be instructed to close this case.

Dated 31 October 2023.

_____
UNITED STATES MAGISTRATE JUDGE