IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DE MARIO B. GRIFFIN
Reg. #19675-045                                                                                       PLAINTIFF

V.                                       NO. 2:23-cv-00198-LPR-ERE

CHAD GARRETT,
Complex Warden, Forrest City FCC                                                      DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Rudofsky can adopt this RD without independently reviewing the record.

### I.     Introduction

Petitioner De Mario B. Griffin, an inmate at the Forrest City Low Federal Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a supporting brief. *Docs. 1, 5.* For reasons that follow, I recommend that the petition be dismissed without prejudice for lack of subject matter jurisdiction.

## II. Background

On July 16, 2007, Mr. Griffin was convicted of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) in the United States District Court for the Western District of Missouri *Doc. 12-1*. On September 3, 2008, he was sentenced to serve 327 months in the Bureau of Prisons ("BOP"), followed by five years' supervised release. *Id*. Mr. Griffin's anticipated release date is May 22, 2029. *Doc. 12-2 at 2*.

On December 21, 2018, Congress enacted the First Step Act ("FSA"), which includes an incentive-based program that gives prisoners the opportunity to earn ten days of time credits in return for every 30 days of successful participation in an evidence-based recidivism reduction program ("EBRRP")[1] or productive activity

---

[1] The FSA defines a "evidence-based recidivism reduction program" as a group or individual activity that:
    (A) has been shown by empirical evidence to reduce recidivism or is based on research indicating that it is likely to be effective in reducing recidivism;
    (B) is designed to help prisoners succeed in their communities upon release from prison; and (C) may include--(i) social learning and communication, interpersonal, anti-bullying, rejection response, and other life skills; (ii) family relationship building, structured parent-child interaction, and parenting skills; (iii) classes on morals or ethics; (iv) academic classes; (v) cognitive behavioral treatment; (vi) mentoring; (vii) substance abuse treatment; (viii) vocational training; (ix) faith-based classes or services; (x) civic engagement and reintegrative community services; (xi) a prison job, including through a prison work program; (xii) victim impact classes or other restorative justice programs; and (xiii) trauma counseling and trauma-informed support programs.
18 U.S.C. § 3635(3).

("PA").[2] 18 U.S.C. § 3632(d)(4)(A).  For eligible inmates,[3] earned time credits apply toward earlier placement in pre-release custody or earlier transfer to supervised release. 18 U.S.C. § 3632(d)(4)(C).

The FSA provides: "A prisoner may not earn time credits . . . for [EBRRPs] that the prisoner successfully completed . . . prior to the date of enactment of this subchapter [December 21, 2018] . . . ." 18 U.S.C. § 3632(d)(4)(B). The language of this provision does not specifically state that a prisoner may not earn time credits for PAs completed prior to December 21, 2018. However, a BOP regulation implementing § 3632(d)(4), provides: "An inmate cannot earn FSA Time Credits for *programming or activities* in which he or she participated before December 21, 2018, the date of enactment of the First Step Act of 2018." 28 C.F.R. § 523.42(b)(1) (emphasis added). Citing this regulation, on August 4, 2023, the BOP denied Mr. Griffin's request for time credits for participation in PAs completed prior to December 21, 2018. *Doc. 5 at 31*.

---

[2] The FSA defines a programing activity as "a group or individual activity that is designed to allow prisoners determined as having a minimum or low risk of recidivating to remain productive and thereby maintain a minimum or low risk of recidivating and may include the delivery of [evidence-based recidivism reduction programs] to other prisoners." 18 U.S.C. § 3635(5).

[3] To qualify as eligible for earlier placement in prerelease custody or earlier transfer to supervised release, a prisoner must have earned time credits in an amount equal to the remainder of his or her term of imprisonment and meet recidivism risk requirements. See 18 U.S.C. § 3624(g)(D).

3

On September 18, 2023, Mr. Griffin filed the § 2241 petition and supporting brief now before the Court. *Docs. 1, 5*. He argues for a construction of § 3632(d)(4)(B) that would permit inmates to earn time credits for PAs completed before December 21, 2018. He claims that the BOP's refusal to grant him FSA time credits according to his proposed interpretation violates his Fifth Amendment rights to due process and equal protection. *Doc. 5 at 1, 5*. According to Mr. Griffin, he has more than enough time credits to be placed in pre-release custody, and the "BOP continues to violate [his] statutory right to pre-release custody placement each day that [he] remains in prison." *Id. at 5.* For relief, he asks the Court to order the FSA to credit him for all earned time credits for PAs that he completed before December 21, 2018. *Id. at 7.*

After review of the petition and brief, I initially recommended summary dismissal on the ground the BOP's regulation prohibiting time credits for "programs and activities" completed before December 21, 2018, is a reasonable construction of the FSA, well within the BOP's discretion, and dispositive of Mr. Griffin's claim. *Doc. 6 at 4*.

The case is now before me pursuant to Judge Rudofsky's August 8 Order (*Doc. 10*), referring the case for service of the petition and further consideration in view of the Supreme Court's intervening decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), which overruled *Chevron USA Inc. v. Natural*

*Resources Defense Council, Inc.*, 467 U.S. 837 (1984) and made clear that courts must exercise independent judgment in determining whether an agency has acted within its statutory authority.

On August 8, 2024, Respondent filed a response asserting that the petition should be dismissed for lack of federal habeas jurisdiction. *Doc. 12 at 2-4*. Respondent additionally argues that even if subject matter jurisdiction were present, the FSA makes clear that an inmate cannot receive time credits for productive activities completed before December 21, 2018, making it unnecessary to defer to agency interpretation.[4]

---

[4] In *Chevron*, the Supreme Court stated: "If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 n.9 (1984). Employing the rule of statutory construction requiring that words of a statute be read in the context of the overall statutory scheme, Respondent argues that congressional intent is clear that inmates cannot earn time credits for programming activities completed before December 21, 2018, making deference to agency interpretation unnecessary. *Doc. 12 at 4-10*.

The recommended dismissal of this lawsuit on jurisdictional grounds prevents the Court from ruling on the merits. However, Respondent's alternative argument, on this one point, is strong. As a preliminary matter, the fact that the FSA was enacted on December 21, 2018 undercuts Mr. Griffin's argument that he should receive time credit rewards for any activities he engaged in before the FSA's statutory enactment date. More specifically, the FSA requires the BOP to develop a "risk and needs assessment system," to identify each inmate's specific needs and match them to appropriate EBRRPs and PAs. See 18 U.S.C. § 3621(h)(1). Foreseeing that completion of individual assessments would take time, Congress provided for phased-in implementation of the time credit program and provided inmates the opportunity to complete EBRRs and PAs before they received a risk and needs assessment. See 18 U.S.C. § 3621(h)(2). Regarding the preliminary implementation phase, the FSA provides:

> Beginning on the date of enactment of this subsection [December 21, 2018], the [BOP] may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison *as of such date*, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D [*i.e.*, time credits].

5

On September 5, Mr. Griffin filed a reply (*Doc. 15*) but stated that he did so without the benefit of reviewing Respondent's response.[5] Accordingly, by order entered September 13, I directed the Clerk to mail Mr. Griffin a copy of the response and gave him up to and including September 25 to file a supplemental reply. *Doc.16*. As of the date of this Recommendation, Mr. Griffin has not filed a supplemental response, and the time to do so has passed.

### III.   Discussion

####   A.   Federal Habeas Jurisdiction is Lacking

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "If the prisoner is not challenging the validity of his conviction or the length of his detention . . . , then a writ of habeas corpus is not the proper remedy." *Id.*; see also *Spencer v. Haynes*,

---

18 U.S.C. § 3621(h)(3) (emphasis added).
  The plain language of this provision suggests that Congress gave the BOP discretion, beginning December 21, 2018, to expand then-existing EBRRPs and PAs and offer time credits to prisoners who successfully participated in the expanded programs after December 21, 2018. Even though a separate provision, § 3632(d)(4)(B), relied upon by Mr. Griffin does not specifically reference programming activities, interpreting the provision in harmony with the FSA's implementation provisions suggests a statutory intent to deny inmates the ability to earn time credits for productive activities completed before December 21, 2018. Thus, if the Court were to address the merits of Mr. Griffin's argument, there appears to be little statutory ambiguity requiring an independent assessment of the BOP's regulatory approach to the issue of whether inmates can earn time credits before December 21, 2018.

  [5] Mr. Griffin stated that he based his response on the summary of Respondent's arguments set forth in the Court's order giving him an opportunity to file a reply. *See Doc. 15 at 1*.

774 F.3d 467, 469 (8th Cir. 2014) (reaffirming that a writ of habeas corpus is not available where petitioner does not challenge his conviction or length of sentence).

In determining whether a prisoner is attacking the legality or duration of his custody, "[i]t is the substance of the relief sought which counts." *Kruger*, 77 F.3d at 1073. Here, Mr. Griffin seeks FSA time credits for PAs completed prior to December 21, 2018, which he asserts would make him eligible for immediate placement in pre-release custody. "Pre-release custody" includes placement in home confinement or a residential reentry center, also known as a halfway house, or a community correctional facility. 18 U.S.C. § 3624(g)(2)(A)-(B). Placement in pre-release custody changes the *place* where a sentence is served; it does not alter the fact or duration of imprisonment. See *United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (treating placement in home confinement as changing an inmate's "place of imprisonment"); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (noting the BOP's agreement that community correctional facilities are places of imprisonment); 18 U.S.C. § 3624(c) (stating that the Director of the BOP shall, to the extent practicable, ensure that a prisoner serve a portion of the final months of his term of imprisonment in pre-release custody under conditions that afford reasonable opportunity to adjust and prepare for reentry into the community).

It is undisputed that Mr. Griffin has already earned 365 days of FSA time credits, which the BOP applied toward an earlier transfer to supervised release,[6] moving his release date from May 22, 2030 to May 22, 2029. *Doc. 12-2 at 3* (Public Information Inmate Data as of August 14, 2024). Because Mr. Griffin has already received the maximum one-year sentencing adjustment in the form of an earlier transfer to supervised release, any additional time credits he earns can only apply toward an earlier placement in pre-release custody.

Thus, even if Mr. Griffin were granted the relief he seeks, it would not change the fact or duration of his detention. Accordingly, federal habeas jurisdiction is lacking. *Fongers v. Garrett*, No. 2:24-cv-00046 LPR/PSH, 2024 WL 3625237, at *2 (E.D. Ark., 2024) (recommending dismissal for lack of subject matter jurisdiction where petitioner earned 365 days of time credits, which the BOP applied toward his early release to supervision); *Wessels v. Houden*, No. 23-CV-1266 (WMW/ECW), 2023 WL 7169154, at *1 (D. Minn. June 22, 2023) (recommending dismissal of habeas petition seeking immediate transfer to pre-release custody for lack of federal habeas jurisdiction) *R. & R. adopted*, 2023 WL 7168926 (D. Minn. Oct. 31, 2023).

---

[6] Supervised release is a form of post-imprisonment supervision included as part of federal sentence if required by statute. 18 U.S.C. § 3583. The FSA provides that if a prisoner's sentence includes a term of supervised release, the BOP may "transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of [earned] time credits . . . ." 18 U.S.C. § 3624(g)(3). Unlike early placement in pre-release custody, early transfer to supervised release shortens the duration of imprisonment.

### B. No Potentially Viable Conditions-of-Confinement Claim

The Eighth Circuit has held that a *pro se* habeas petitioner raising a "potentially viable" conditions-of-confinement claim should receive an opportunity to pursue that claim if he so chooses. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014). To the extent that Mr. Griffin challenges the conditions of his confinement by attacking the place of his confinement, he fails to raise a potentially viable claim.

First, is well established that prisoners have no protected liberty interest in assignment to a particular place of confinement. See *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)); see also *Staszak v. Romine,* 221 F.3d 1344 (8th Cir. 2000) (unpublished opinion) (holding that placement in a halfway house and participation in a work release program did not provide "the sort of substantial freedom that gives rise to a liberty interest inherent in the Due Process Clause"). Second, Mr. Griffin alleges no facts indicating that the BOP's decision denying him time credits for programs he completed before December 21, 2018 was made for invidious or retaliatory reasons or otherwise arguably gives rise to a constitutional violation.

Mr. Griffin fails to raise a potentially viable claim challenging his conditions of his confinement. Accordingly, if this action were converted to one seeking relief for unlawful conditions of confinement, Mr. Griffin's pleading would be subject to dismissal upon screening. *See* 28 U.S.C. § 1915A (requiring (1) screening of a civil

complaint where("a prisoner seeks redress from a governmental entity or officer" and (2) dismissal of any portion of a complaint that is frivolous, malicious, or fails to state a claim on which relief can be granted).

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that Mr. Griffin's petition for a writ of habeas corpus (*Doc. 1*) be DISMISSED, WITHOUT PREJDUICE, for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that the Court dismiss this action without providing Mr. Griffin the option of converting his habeas petition to a complaint challenging his conditions of confinement.

Dated 8 October 2024.

_____
UNITED STATES MAGISTRATE JUDGE